Case 1:16-cr-00175-JMS-MJD   Document 80   Filed 04/11/24   Page 1 of 6 PageID #: 310

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)      Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>LEROY WOMBLES, JR.<br><br>Date of Original Judgment: 08/24/2017<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | Case No: 1:16-cr-00175-JMS-MJD-01<br>USM No: 15241-028<br><br>Michael Donahoe (prior)<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.    ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 04/11/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*                                    *Printed name and title*

Case 1:16-cr-00175-JMS-MJD   Document 80   Filed 04/11/24   Page 2 of 6 PageID #: 311

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 2 of 2 (Page 2 Not for Public Disclosure)

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: LEROY WOMBLES, JR.
CASE NUMBER: 1:16-cr-00175-JMS-MJD-01
DISTRICT: Southern District of Indiana

**I. COURT DETERMINATION OF GUIDELINE RANGE** *(Prior to Any Departures)*
Previous Total Offense Level: _____   Amended Total Offense Level: _____
Criminal History Category: _____   Criminal History Category: _____
Previous Guideline Range: _____ to _____ months   Amended Guideline Range: _____ to _____ months

**II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE**
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

**III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a)** *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

[Print]   [Save As...]   [Add Attachment]   [Reset]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| *vs.* ) | No. 1:16-cr-00175-JMS-MJD |
| ) | |
| LEROY WOMBLES, JR., ) | -01 |
| ) | |
| ) | |
| *Defendant*. ) | |

**<u>ORDER</u>**

Defendant Leroy Wombles, Jr. has filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) under the terms of Amendment 821 to the United States Sentencing Guidelines ("<u>Amendment 821</u>"). [Filing No. 72.] In 2017, Mr. Wombles pled guilty to four counts of robbery, in violation of 18 U.S.C. § 1951(a), and one count of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Filing No. 20 at 1-5; Filing No. 47 at 1-2.] Mr. Wombles' sentencing guideline range for the robbery charge was 78 to 97 months and for the firearm charge it was a mandatory minimum 84 months that was required to run consecutively. [Filing No. 43 at 18.] The Court sentenced Mr. Wombles to 156 months of imprisonment. [Filing No. 48 at 2.]

Now, Mr. Wombles seeks a sentence reduction under Amendment 821. [Filing No. 72.] He argues that the Court should reduce his sentence because he has completed numerous programs in prison, he has a job to return to upon his release, he has a girlfriend and a positive household to return to, and he "feel[s] [he] qualif[ies] for retroactive criminal history score amendment 821 effective Nov. 1st 2023." [Filing No. 72.] After he filed his motion, the Court ordered Mr. Wombles

1

to supplement his motion within 28 days using a Court-provided form, [Filing No. 77], but Mr. Wombles did not do so.

The Government filed a response to Mr. Wombles' motion and argues that Mr. Wombles is not entitled to a sentence reduction under Amendment 821 because the Amendment does not apply to him. [Filing No. 79 at 3.]

The Court has authority to modify a previously imposed sentence under § 3582(c)(2) to reflect changes in the sentencing guidelines by an act of the United States Sentencing Commission. To determine whether a defendant qualifies for such relief, the Court must conduct a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination, the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G. § 1B1.10. *Dillon*, 560 U.S. at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable factors under 18 U.S.C. § 3553(a) and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Dillon*, 560 U.S. at 827.

As to the first step of the *Dillon* analysis, the Court agrees with the Government that Mr. Wombles is ineligible for a sentence reduction because his guideline range was not lowered by Amendment 821. Part A of Amendment 821 deals with status points and states: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). Part A

does not change Mr. Wombles' guideline range because he did not receive any status points. [*See* Filing No. 43 at 10.]

Further, Part B of Amendment 821 allows for a two-offense level reduction for defendants with zero criminal history points, with certain exceptions. U.S.S.G. § 4C1.1(a). Among other criteria, this reduction applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." § 4C1.1(a)(1). However, Mr. Wombles received five criminal history points. [Filing No. 43 at 9-10.] Additionally, even if Mr. Wombles had not received any criminal history points, he still would not be eligible for a sentence reduction under Part B because he does not "meet[] all of the…criteria." § 4C1.1(a). For example, Mr. Wombles does not meet § 4C1.1(a)(7) – which requires that a defendant must not have possessed a firearm in connection with the offense – because he pled guilty to one count of using a firearm during and in relation to a crime of violence. [Filing No. 20 at 1-5; Filing No. 47 at 1-2.] Therefore, Part B of Amendment 821 does not change Mr. Wombles' guideline range.

Because Mr. Wombles is not entitled to relief under step one of the *Dillon* analysis, the Court will not proceed to step two.

For the foregoing reasons, Mr. Wombles' Motion to Reduce Sentence , [72], is **DENIED**.

Date: 4/11/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

3

4

**Distribution via ECF only to all counsel of record**

**Distribution via U.S. Mail to:**

Leroy Wombles, Jr.
15241-028
Unit B-2-235
United States Penitentiary McCreary
Inmate Mail/Parcels
P.O. Box 3000
Pine Knot, KY 42635